IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

DONALD WILSON,     *

    Plaintiff,     *

v.     *     Civil Action No. 8:22-cv-1465-PX

MARLBORO PIZZA, LLC, *et al.*,
    *
    Defendants.

    ***

## MEMORANDUM OPINION

Pending before the Court is the motion to dismiss filed by Defendants Marlboro Pizza, LLC and Malcolm Carter. ECF No. 8. The motion is fully briefed, and no hearing is necessary. *See* D. Md. Loc. R. 105.6. For the following reasons, the Court DENIES the motion.

### I.   Background[1]

Defendant Marlboro Pizza, LLC ("Marlboro Pizza") owns and operates several Domino's Pizza franchise stores in Maryland. ECF No. 1 ¶ 7. Defendant Malcolm Carter owns a significant interest in Marlboro Pizza and serves as a director and officer of the company. *Id.* ¶¶ 5, 8. In this capacity, Carter supervised the company's delivery drivers, to include hiring and firing drivers, managing their work schedules, determining rates of pay, and maintaining employment records. *Id.* ¶ 5.

From May 2017 to May 2021, Plaintiff Donald Wilson worked as a delivery driver at a Domino's store owned by Defendants in Seat Pleasant, Maryland. *Id.* ¶ 6. As a delivery driver, Wilson had to supply his own vehicle and pay for the vehicle's maintenance and upkeep. *Id.* ¶ 11. Wilson's vehicle expenses included gasoline, vehicle parts, and maintenance services. *Id.* ¶

---

[1] The Court construes the averred facts in the light most favorable to Plaintiffs. *Ibarra v. United States*, 120 F.3d 472, 474 (4th Cir. 1997).

12. The nature of delivery driving exacted higher costs in gasoline and repairs than for typical driving. *Id.* ¶ 16.

Defendants paid Wilson $6.00 per hour and applied a tip credit to his wages to meet the federal minimum wage of $7.25 per hour. *Id.* ¶¶ 22–23; *see also* 29 U.S.C. § 203(m). Although Defendants did not directly reimburse Wilson the specific out-of-pocket expenses for actual maintenance and transportation costs, they generally reimbursed Wilson at a rate of $1.50 per delivery. ECF No. 1 ¶¶ 13, 17, 24. Given that Wilson averaged five miles per delivery, he was reimbursed at a rate of $0.30 per mile. *Id.* ¶¶ 24–25.

However, during the same time, the IRS business mileage reimbursement rate ranged between $0.545 and $0.58 per mile. *Id.* ¶ 26. AAA independently calculated the average cost of operating a vehicle to be between $0.571 and $0.608 per mile. *Id.* ¶ 15. Thus, even as compared to the lower of these two rates, the IRS rate, Wilson was reimbursed at a rate of $0.245 less per mile. *Id.* ¶ 26. Given that Wilson drove five miles per delivery and made an average of five deliveries per hour, Wilson was reimbursed $6.13 less per hour than he would have been at the IRS rate. *Id.* ¶ 27.

All delivery drivers employed by Defendants were subject to the same general payment and reimbursement policy. *Id.* ¶¶ 28–29. That is, they were paid at or close to the federal minimum wage; were reimbursed at a flat rate for each delivery which did not cover their vehicle expenses; experienced similar driving conditions; and incurred similar vehicle expenses. *Id.*

On June 15, 2022, Wilson filed a collective action on behalf of himself and other similarly situated drivers, alleging that Defendants insufficiently reimbursed them for vehicle expenses such that their effective wages fell below the federal minimum wage, in violation of the Fair Labor Standards Act, 29 U.S.C. § 206 ("FLSA"). *Id.* ¶¶ 33, 42–43; *see also* 29 U.S.C. §

216(b). On September 10, 2022, Defendants moved to dismiss the Complaint under Federal Rule of Civil Procedure 12(b)(6). ECF No. 8. As explained further below, the Court will deny the motion.

## II.     Standard of Review

A motion to dismiss under Rule 12(b)(6) tests the legal sufficiency of the complaint. *Presley v. City of Charlottesville*, 464 F.3d 480, 483 (4th Cir. 2006). The Court accepts "the well-pled allegations of the complaint as true," and construes all facts and reasonable inferences most favorably to the plaintiff. *Ibarra*, 120 F.3d at 474. To survive a motion to dismiss, a complaint's factual allegations "must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citations omitted). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 555). The Court must be able to deduce "more than the mere possibility of misconduct"; the facts of the complaint, accepted as true, must demonstrate that the plaintiff is entitled to relief. *Ruffin v. Lockheed Martin Corp.*, 126 F. Supp. 3d 521, 526 (D. Md. 2015) (quoting *Iqbal*, 556 U.S. at 679), *aff'd in relevant part*, 659 F. App'x 744 (4th Cir. 2016).

## III.    Analysis

Defendants first contend that Wilson failed to specify his alleged vehicle expenses sufficient to proceed on his minimum wage claim. ECF No. 8 at 5. Although the FLSA itself does not cover reimbursement of expenses, the FLSA's implementing regulations specify that "the wage requirements of the [FLSA] will not be met where the employee 'kicks-back' directly or indirectly to the employer or to another person for the employer's benefit the whole or part of the wage delivered to the employee." 29 C.F.R. § 531.35. A kickback occurs when, in

3

maintaining "tools of the trade" required for the performance of his job, an employee incurs an expense that "cuts into the minimum or overtime wages required to be paid him under the Act." *Id.* Thus, a delivery driver can sustain a minimum wage FLSA claim by alleging that he was insufficiently reimbursed for the costs of maintaining his vehicle for work-related travel. *See, e.g.*, *Cornish v. Deli Mgmt., Inc.*, No. 16-672-WMN, 2016 WL 5934077, at *2–3 (D. Md. Oct. 12, 2016); *Perrin v. Papa John's Int'l, Inc.*, 818 F. Supp. 2d 1146, 1149 (E.D. Mo. 2011); *Smith v. Pizza Hut, Inc.*, No. 09-1632-CMA-BNB, 2011 WL 2791331, at *4 (D. Colo. July 14, 2021).

The Complaint amply makes the claim plausible. It identifies such costs as gasoline, vehicle parts, repair services, and other expenses sufficient to state a kickback claim. ECF No. 1 ¶ 12. Additionally, the Complaint avers that delivery driver costs were higher than those of an average driver because of the nature of the driving involved. *Id.* ¶ 16. Last, the Complaint supplies a proper comparator IRS reimbursement rate,[2] as well as a separate AAA rate, to approximate the actual per-mile vehicle costs incurred. *Id.* ¶ 15.

Defendants incorrectly press that at the pleading stage, Wilson must calculate out-of-pocket expenses with greater precision. Not so. The identified categories of expenses and reasonable metric for approximating his per-mileage expenses makes the claim plausible. *See Cornish*, 2016 WL 5934077, at *2–3; *Wass v. NPC Int'l, Inc.*, No. 09-2254-JWL, 2010 WL 7762621, at *3 (D. Kan. Sept. 1, 2010) ("It is not implausible to suggest that drivers may be able to estimate their expenses without knowing their actual expenses incurred."). Accordingly, because Wilson alleges that he was paid at the federal minimum wage of $7.50 per hour and that

---

[2] Courts have found the IRS reimbursement rate to be a reasonable approximation of a delivery driver's vehicle expenses. *See Cornish*, 2016 WL 5934077, at *3; *Darrow v. WKRP Mgmt., LLC*, No. 09-1613-CMA-BNB, 2011 WL 2174496, at *4 (D. Colo. June 3, 2011).

he was reimbursed $6.13 less per hour than he would have been at the IRS rate, Wilson has made plausible that his effective wage fell below the minimum wage.

Defendants alternatively contend that because they were not Wilson's "employer" under the FLSA, the claim must fail.  The FLSA defines "employer" as "any person acting directly or indirectly in the interest of an employer in relation to an employee." 29 U.S.C. § 203(d).  "It is well settled that an individual may qualify as an employer and face liability under the FLSA." *Roman v. Guapos III, Inc.*, 970 F. Supp. 2d 407, 416 (D. Md. 2013).  An employee seeking to recover under the FLSA bears the burden of alleging the existence of an employer-employee relationship.  *Kerr v. Marshall Univ. Bd. of Governors*, 824 F.3d 62, 83 (4th Cir. 2016).

Courts employ a multi-factor "economic reality" test to determine whether the employee is "economically dependent on the business to which he renders service or is, as a matter of economic [reality], in business for himself." *Id.* (quoting *Schultz v. Cap. Int'l Sec., Inc.*, 466 F.3d 298, 304 (4th Cir. 2006)).  Although "no one factor is dispositive," relevant factors include "whether the alleged employer (1) had the power to hire and fire the employees, (2) supervised and controlled employee work schedules or conditions of employment, (3) determined the rate and method of payment, and (4) maintained employment records." *Id.* (quoting *Herman v. RSR Sec. Servs. Ltd.*, 172 F.3d 132, 139 (2d Cir. 1999)).

Again, the Complaint makes plausible that both Marlboro Pizza and Carter qualify as his employers.  Wilson alleges that Marlboro Pizza through its owner, Defendant Carter, retained the power to hire and fire him; supervised his work schedule; determined his pay rate; and maintained or held control over employment records.  ECF No. 1 ¶ 5.  Although at this stage, the specifics of each employment-related act are wanting, in the aggregate they make plausible that Wilson was "economically dependent" on Defendants for his employment, rather than being "in

business for himself." *Kerr*, 824 F.3d at 83; *see also Reynolds v. Solo & AD, Inc.*, No. 15-2021-CBD, 2015 WL 5882053, at *4 (D. Md. Oct. 2, 2015) (finding similar allegations sufficient to state an FLSA claim). Moreover, Defendants concede that Carter "owns a substantial portion" of Marlboro Pizza, reinforcing the plausibility of Wilson's allegation that he was employed by both Carter and Marlboro Pizza. ECF No. 8 at 6.

Lastly, Defendants argue that Wilson cannot hold Carter liable as an employer because the Complaint does not allege facts sufficient to pierce the corporate veil. ECF No. 8 at 7. But it is well established that a plaintiff need not pierce the corporate veil to hold individual owners or managers liable as employers under the FLSA. *See Pearson v. Pro. 50 States Prot., LLC*, No. 09-3232-RDB, 2010 WL 4225533, at *5 (D. Md. Oct. 26, 2010) (citing *Donovan v. Agnew*, 712 F.2d 1509, 1512–14 (1st Cir. 1983)); *Guzman v. D&S Cap., LLC*, No. 14-1799-MAB, 2015 WL 772797, at *4 (D. Md. Feb. 20, 2015); *Rollins v. Rollins Trucking, LLC*, No. 15-3312-JKB, 2016 WL 81510, at *3 (D. Md. Jan. 7, 2016). Rather, where as here, sufficient facts are pleaded to make plausible that the individual defendant owner constitutes an employer as that term is used in the FLSA, the claim survives challenge.

### IV.     Conclusion

Based on the foregoing, the Court denies Defendants' motion to dismiss. Defendants are directed to answer the Complaint within 21 days from the date of this decision. A separate Order follows.

| | |
|---|---|
| 4/27/2023 | /S/ |
| Date | Paula Xinis |
| | United States District Judge |