IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

|  |  |  |
|---|---|---|
| DONALD WILSON, individually and on behalf of similarly situated persons, | * | |
| Plaintiff, | * | |
| v. | * | Civil No. 22-1465-BAH |
| MARLBORO PIZZA, LLC, et al., | * | |
| Defendants. | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM OPINION

This action was brought by Plaintiff Donald Wilson ("Wilson" or "Plaintiff"), individually and on behalf of those similarly situated, who alleges violations of the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq* ("FLSA" or "the Act") against his former employer, Marlboro Pizza, LLC ("Marlboro Pizza") and Malcolm Carter ("Carter"), an owner of substantial interests in Marlboro Pizza (collectively "Defendants"). ECF 1 (complaint). Before the Court is Plaintiff's Motion for FLSA Conditional Certification and Court Authorized Notice (the "Motion"). ECF 29. The Motion includes a memorandum of law (ECF 29-1) and exhibits, including a proposed notice and consent form (ECF 29-2), declaration of Wilson (ECF 29-3), and declaration of opt-in Plaintiff Tibah T. Rolle ("Rolle") (ECF 29-4).[1] Defendants did not file a response to the Motion, and the time to do so has now passed. The Court has reviewed all relevant filings and finds that no hearing

---

[1] The Court references all filings by their respective ECF numbers and refers to the ECF-generated page numbers printed at the top of the page.

is necessary. *See* Loc. R. 105.6 (D. Md. 2023). Accordingly, for the reasons stated below, the Motion is **GRANTED**.[2]

## I.   FACTUAL AND PROCEDURAL BACKGROUND

The following facts are alleged by Wilson in his complaint, sworn declarations, and accompanying exhibits.[3] Defendant Marlboro Pizza is a Limited Liability Company owned substantially by Defendant Carter that operates several Domino's Pizza franchises in Maryland. ECF 1, at 1, at ¶ 4. Wilson worked as a delivery driver at the Domino's Pizza owned by Defendants located at 2654 Central Avenue, Capitol Heights, Maryland 20743 from approximately May 2017 to May 2021. *Id.* ¶ 6; ECF 29-3 ¶ 1. Since April 2022 through the present, Rolle has also worked as a delivery driver, but at a different location, Defendants' Domino's Pizza located at 2950 Donnell Drive, Forestville, Maryland 20747. ECF 29-4 ¶ 1.

Their jobs as delivery drivers consisted mostly of "deliver[ing] food items to the homes or workplaces of Defendants' customers in the surrounding area." ECF 29-3 ¶ 3; ECF 29-4 ¶ 3. Both used their personal vehicles to make deliveries. ECF 29-3 ¶ 5; ECF 29-4 ¶ 5. Defendants required that both Wilson and Rolle "maintain and pay for an operable, safe, and legally-compliant automobile" for use in making deliveries. ECF 29-3 ¶ 5; ECF 29-4 ¶ 5. They also incurred "automobile expenses," including "purchasing gasoline, vehicle parts and fluids, automobile repair and maintenance services, maintaining automobile insurance, and suffering automobile depreciation . . . , all for the primary benefit of Defendants." ECF 29-3 ¶ 5; ECF 29-4 ¶ 5.

---

[2] The Court generally approves the proposed notice but will require Plaintiff to resubmit the notice with the changes described below.

[3] In deciding motions for conditional certification under the FLSA, courts regularly rely on affidavits, declarations, and other evidence beyond mere allegations in the complaint to determine whether plaintiffs have alleged sufficient facts to justify proceeding as a collective action. *See Baylor v. Homefix Custom Remodeling Corp.*, 443 F. Supp. 3d 598, 605–06 (D. Md. 2020); *Williams v. Long*, 585 F. Supp. 2d 679, 684–85 (D. Md. 2008).

For their work, Wilson and Rolle were paid hourly rates of $6.00 and $9.00, respectively, and both were reimbursed at a rate of $0.30 per mile driven. ECF 29-3 ¶ 3; ECF 29-4 ¶ 3. Both Wilson and Rolle allege that the $0.30 reimbursement rate failed to fully cover the automobile expenses they incurred while making deliveries, and they were not otherwise reimbursed for these expenses. ECF 29-3 ¶ 6; ECF 29-4 ¶ 6. Plaintiff alleges that $0.30 per mile is "much less than a reasonable approximation of [Defendants'] drivers' automobile expenses." ECF 1 ¶ 14. Plaintiff alleges that a more reasonable approximation would have been the Internal Revenue Service ("IRS") standard mileage reimbursement rate during the relevant time periods. *Id.* ¶ 15. The lowest IRS standard mileage reimbursement rates during the operative time periods were $0.545 per mile for Wilson and $0.575 per mile for Rolle. ECF 29-3 ¶ 4; ECF 29-4 ¶ 4.

Wilson estimates that he made about five (5), five-mile deliveries in an hour, resulting in twenty-five miles driven per hour of work. ECF 29-3 ¶ 4. Rolle estimates that she made about five three-mile deliveries per hour, resulting in fifteen miles driven per hour. ECF 29-4 ¶ 4. By subtracting the reimbursement rate paid ($0.30 per mile) from the relevant IRS standard mileage reimbursement rate ($0.545 for Wilson and $0.575 for Rolle) and multiplying by the estimated number of miles driven per hour of work, Wilson estimates that his net wages were decreased "by at least $6.13 for every hour worked" and Rolle estimates hers decreased "by at least $4.13 for every hour worked." ECF 29-3 ¶ 4; ECF 29-4 ¶ 4. Plaintiff alleges that by using the $0.30 reimbursement rate, Defendants' delivery drivers' "net wages are diminished beneath the federal minimum wage requirements." ECF 1 ¶ 19. Both Wilson and Rolle contend that other delivery drivers employed by Defendants, regardless of the location at which they were employed, were paid in the same allegedly improper manner as Wilson and Rolle. ECF 29-3 ¶ 7; ECF 29-4 ¶ 7.

Plaintiff proposes conditional certification of, and notice to, the following class of potential plaintiffs: "all current and former pizza delivery drivers employed by Defendants from three years prior to the entry of an Order granting the instant Motion to the present." ECF 29, at 1. Plaintiff also requests that the Court approve the proposed notice and consent form (ECF 29-2), a 90-day opt-in period, that notice be issued to potential collective action members by mail, email, and text message and posted at Defendants' facilities. *Id.* Plaintiff further asks the court to compel Defendants "produce to Plaintiff's counsel, within ten days of the entry of said order, a computer-readable data file containing the names, addresses, telephone numbers, and email address of all Potential Plaintiffs to facilitate the notice process." *Id.* at 2.

## II.     LEGAL STANDARD

Under the FLSA, employees alleging violations of the Act may bring an action against an employer "on behalf of . . . themselves and other employees similarly situated." 29 U.S.C. § 216(b). The FLSA "establishes an 'opt-in' scheme, whereby potential plaintiffs must affirmatively notify the court of their intentions to be a party to the suit." *Quinteros v. Sparkle Cleaning, Inc.*, 532 F. Supp. 2d 762, 771 (D. Md. 2008) (citing *Camper v. Home Quality Mgmt., Inc.*, 200 F.R.D. 516, 519 (D. Md. 2000)). Any "similarly situated" employees must affirmatively opt in to become a party plaintiff. *Simmons v. United Mortg. & Loan Inv., LLC*, 634. F.3d 754, 758 (4th Cir. 2011); *Marroquin v. Canales*, 236 F.R.D. 257, 259 (D. Md. 2006). District courts have discretion to certify an FLSA action as a collective action to facilitate notice to other potential members of the collective. *Blake v. Broadway Servs. Inc.*, Civ. No. CCB-18-086, 2018 WL 4374915, at *2 (D. Md. Sept. 13, 2018) (citing *Hoffmann-La Roche Inc. v. Sperling*, 493 U.S. 165, 169 (1989)). And "[d]espite sharing a similar legal standard, the 'opt-in' process and certification of a collective action under the FLSA are distinct procedural mechanisms." *Id.* "Certification, in the FLSA

4

context, is merely the trial court's exercise of discretionary power to notify potential [collective] members." *Id.* (citing *Hoffmann-La Roche Inc.*, 493 U.S. at 169).

In the Fourth Circuit, this collective action mechanism generally progresses in two stages, including an initial stage, typically referred to as the "notice stage" and a later "decertification stage" that requires a more stringent inquiry. *Mazariegos v. Pan 4 Am., LLC*, Civ. No. DLB-20-2275, 2021 WL 5015751, at *2 (D. Md. Oct. 28, 2021) (collecting cases).  At the first stage, the Court determines whether the plaintiffs have made a sufficient showing that other potential plaintiffs are similarly situated enough to warrant proceeding conditionally as a collective action. *Camper*, 200 F.R.D. at 519.  This stage generally occurs before discovery, so the threshold for determining whether other plaintiffs are similarly situated is necessarily low. *Butler v. DirectSAT USA, LLC*, 876 F. Supp. 2d 560, 566 (D. Md. 2012) (citing *Marroquin*, 236 F.R.D. at 259); *Mazariegos*, 2021 WL 5015751, at *3 (citing *Lancaster v. FQSR*, Civ. No. TDC-19-2632, 2020 WL 5500227, at *2–3 (D. Md. Sept. 11, 2020)).  A "group of potential FLSA plaintiffs is 'similarly situated' if its members can demonstrate that they were victims of a common policy, scheme, or plan that violated the law." *Butler*, 876 F. Supp. 2d at 566.  Though this factual showing is "relatively modest," *D'Anna v. M/A-COM, Inc.*, 903 F. Supp. 889, 894 (D. Md. 1995), plaintiffs must assert more than just "vague allegations." *Lancaster*, 2020 WL 5500227, at *2–3.  Rather, they must "rely on 'affidavits or other means' to make the required showing." *Baylor v. Homefix Custom Remodeling Corp.*, 443 F. Supp. 3d 598, 605 (D. Md. 2020) (quoting *Williams v. Long*, 585 F. Supp. 2d 679, 683 (D. Md. 2008)).  After the Court conditionally certifies a collective action, the Court helps facilitate notice to potential collective members, who then can choose whether to opt in. *Syrja v. Westat*, 756 F. Supp. 2d 682, 686 (D. Md. 2010); *Camper*, 200 F.R.D. at 519 (citing *Hoffman-La Roche Inc.*, 493 U.S. at 169).

At the second stage, generally undertaken after discovery has concluded, a defendant may move for decertification. *Syrja*, 756 F. Supp. 2d at 686. Then, the Court again considers whether the plaintiffs are actually similarly situated to warrant continuing the action collectively, but the inquiry at this second stage is "more stringent." *Rawls v. Augustine Home Health Care, Inc.*, 244 F.R.D. 298, 300 (D. Md. 2007); *see also Syrja*, 756 F. Supp. 2d at 686. Because Plaintiff has met the less stringent notice stage standard of showing that he and other potential plaintiffs are similarly situated, the Court will grant Plaintiff's Motion, with some small changes made to the proposed notice. The Court elaborates below.

## III. ANALYSIS

As noted above, the standard for conditional certification of a collective action is a lenient one. The Court need only determine that the plaintiffs and potential plaintiffs "were the victims of a common scheme, policy, or plan that violated the law." *Baylor*, 443 F. Supp. 3d at 607 (citing *Butler*, 876 F. Supp. 2d at 566). Plaintiffs do not need to show that all current and potential plaintiffs' claims be identical. *Id.* at 605 (citing *Hipp v. Liberty Nat'l Life Ins. Co.*, 252 F.3d 1208, 1217 (11th Cir. 2001)). Rather, "[a]ll that is required at the initial certification stage is some evidence of 'a similar legal issue as to coverage, exemption, or nonpayment of minimum wages or overtime arising from at least a manageably similar factual setting with respect to their job requirements and pay provisions.'" *Mazariegos*, 2021 WL 5015751, at *3 (quoting *Blake*, 2018 WL 4374915, at *3). Because Plaintiff here has shown that he and other potential plaintiffs are similarly situated and Defendants have not asserted otherwise, conditional certification is proper, and the Court has the discretion to facilitate notice to potential plaintiffs.

**A.     Plaintiff Has Made the Threshold Showing that Plaintiff and Other Potential Plaintiffs Are Similarly Situated to Warrant Conditional Certification as a Collective Action Under the FLSA.**

Plaintiff here requests this Court to approve notice to be sent to "all current and former pizza delivery drivers employed by Defendants from three years prior to the entry of an Order granting the instant Motion to the present." ECF 29, at 1. Plaintiff and opt-in plaintiff Rolle both allege that their job requirements are the same. They further allege that all delivery drivers employed by Defendants are paid in the same manner, i.e., a base hourly plus a mileage reimbursement rate that results in a net wage of lower than the federal minimum wage. Defendants have not contended otherwise. Further, courts have found that conditional certification is appropriate under similar circumstances where delivery driver plaintiffs allege that their employers' reimbursement plan impermissibly reduces the drivers' wages below minimum wage. *See Frazier v. PJ Iowa, L.C.*, 337 F. Supp. 3d 848, 866–67 (S.D. Iowa 2018); *Tegtmeier v. PJ Iowa, L.C.*, 208 F. Supp. 3d 1012, 1022–23 (S.D. Iowa 2016); *Bellaspica v. PJPA, LLC*, 3 F. Supp. 3d 257, 259–60 (E.D. Pa. 2014); *Branning v. Romeo's Pizza, Inc.*, 594 F. Supp. 3d 927, 933 (N.D. Ohio 2022); *see also Hackett v. ADF Rest. Invs.*, 259 F. Supp. 3d 360, 363 (D. Md. 2016) (noting that the court previously granted a joint motion to conditionally certify a collective action of delivery drivers alleging reimbursement policies that took their wages below the federal minimum wage). Thus, Plaintiff has provided sufficient evidence to warrant proceeding as a collective action under the FLSA.

**B.     The Court Will Facilitate Opt-In Notice to Potential Plaintiffs as Requested and Approves the Proposed Notice Except to the Extent the Notice References State and Local Wage Claims Not Alleged in the Complaint.**

The question now shifts to the notice to be sent to putative class members. *Irvine v. Destination Wild Dunes Mgmt., Inc.*, 132 F. Supp. 3d 707, 710 (D.S.C. 2015). The notice cannot appear to constitute a court endorsement of Plaintiff's claim. *Id.* Here, Plaintiff has submitted

along with the Motion the proposed notice and opt-in consent form for the Court's review. ECF 29-2. Plaintiff requests that the Court authorize this notice to be sent to potential plaintiffs via U.S. mail, email, text message, and to be posted at Defendant's Domino's Pizza franchise locations. ECF 29, at 1–2. Plaintiff also asks that the Court compel Defendants to produce to Plaintiff's counsel "a computer-readable data file containing the names, addresses, telephone numbers, and email address of all Potential Plaintiffs to facilitate the notice process." *Id.* at 2.

With no opposition from Defendants, the Court will permit notice by U.S. mail, email, text message, and postings at Defendants' locations for the 90-day notice period as requested. *See Baylor*, 443 F. Supp. at 609 (noting that a 90-day notice period is typical and permitting notice to be facilitated through email and telephone communications and posted at the defendant-employer's worksites). The Court approves the proposed notice and consent form provided at ECF 29-2 with one exception. The notice properly notes that "[t]he Court has not decided whether Defendant or the Named Plaintiff is correct." ECF 29-2, at 3.[4] However, the notice states twice that this suit alleges that the reimbursement rate "reduced their wages below federal, state and local minimum wages," ECF 29-2, at 2, and that Plaintiff "and other delivery drivers were paid less than the federal, state and local minimum wage," *id.* at 3. However, the complaint does not state any causes of action for violations of state or local minimum wage laws, only the FLSA. *See generally* ECF 1. Thus, before sending the notices to potential collective action members, Plaintiff must remove any references to state and local minimum wage violations. Plaintiff will be required to resubmit the proposed notice reflecting these changes within seven (7) days of the accompanying Order.

---

[4] This page number refers to the ECF-generated page number at the top of the page.

Defendants are directed within ten (10) days of the accompanying Order, to produce to Plaintiff's counsel a computer-readable data file containing the names, addresses, telephone numbers, and email address of all potential plaintiffs, *i.e.*, all current and former pizza delivery drivers employed by Defendants from three years prior to the entry of the accompanying Order to the present.

IV.     **CONCLUSION**

For the reasons set forth above, Plaintiff's Motion is GRANTED. A separate Order will issue.

Dated: February 5, 2024                                                     /s/
                                                                        Brendan A. Hurson
                                                                        United States District Judge