UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND
(SOUTHERN DIVISION)

| | |
|---|---|
| DONALD WILSON, *et al.*, | * |
| Plaintiffs, | * |
| v. | *   Civil Case No. 8:22-cv-01465-AAQ |
| MARLBORO PLAZA, LLC, *et al.*, | * |
| Defendants. | * |

**<u>MEMORANDUM OPINION AND ORDER</u>**

This is a dispute over unpaid wages under the Fair Labor Standards Act (FLSA), 29 U.S.C. §§ 201-219. Pending before the Court is Plaintiffs' Consent Motion for Approval of Settlement of the dispute between the parties pursuant to 29 U.S.C. § 216. ECF No. 100. For the reasons discussed below, the Motion for Approval of the Settlement shall be granted, and the case shall be closed.

BACKGROUND

The facts of this case, as alleged, are laid out in detail in this Court's Memorandum Opinion denying Defendants Marlboro Pizza, LLC's, and Malcolm Carter's Motion to Dismiss. ECF No. 13. In short, "Plaintiff Donald Wilson worked as a delivery driver at a Domino's store owned by Defendants in Seat Pleasant, Maryland." *Id.* at 1. On June 15, 2022, Plaintiff filed a lawsuit on behalf of himself, and others similarly situated, alleging that Defendants improperly reimbursed them for their vehicle expenses, such that their wages fell below the applicable minimum wage, in violation of the FLSA. ECF No. 1. On April 27, 2023, the Court denied Defendants' Motion to dismiss, rejecting Defendants' arguments that Plaintiffs had not properly plead their claim and that,

1

accepting the allegations in the Complaint as true, Defendants were not Plaintiffs' employers. ECF No. 13, at 4-6.

On June 25, 2025, the parties filed a Status Report addressing the parties' efforts to resolve the case. ECF No. 89. According to the Report, the parties set forth a schedule for the exchange of data, as well as a settlement demand. *Id.* On November 21, 2025, the parties participated in a mediation to settle the case. ECF No. 93. Although the parties were not able to resolve the case on that day, they continued to discuss whether they could settle the case. *Id.* While this process unfolded, Plaintiffs issued discovery requests to Defendants. *Id.* On December 10, 2025, the case was referred to the undersigned for all further proceedings. ECF No. 94.

On December 19, 2025, the parties filed a Notice of Settlement with the Court, stating that the parties had reached an agreement in principle. ECF No. 96. On January 21, 2026, the Court issued an Order requiring Plaintiffs to submit a motion for approval of the settlement or status report no later than February 10, 2026. ECF No. 99. On February 11, 2026, Plaintiffs filed the Motion presently before the Court, to which Defendant has consented. ECF No. 100.

## STANDARD OF REVIEW

When evaluating settlement agreements for approval under the FLSA, courts must ensure that a settlement "reflects a 'reasonable compromise of disputed issues' rather than 'a mere waiver of statutory rights brought about by an employer's overreaching.'" *Saman v. LBDP, Inc.*, No. DKC 12-1083, 2013 WL 2949047, at *2 (D. Md. June 13, 2013) (quoting *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1354 (11th Cir. 1982)).

In making such a determination, district courts in the Fourth Circuit typically "employ the considerations set forth by the Eleventh Circuit in *Lynn's Food Stores*," which holds that a "FLSA settlement generally should be approved if it reflects 'a fair and reasonable resolution of a *bona*

2

*fide* dispute over FLSA provisions.'" *Id*. at *3 (quoting *Lynn's Food Stores*, 679 F.2d at 1355). As part of this assessment, courts must evaluate: (1) whether there are FLSA issues actually in dispute; (2) whether the settlement is fair and reasonable in light of the relevant factors; and (3) whether the attorneys' fees, if included in the agreement, are reasonable. *Id*. at *3 (citing *Lane v. Ko-Me, LLC*, No. 10-2261, 2011 WL 3880427, at *2-3 (D. Md. Aug. 31, 2011); *Lomascolo v. Parsons Brinckerhoff, Inc.*, No. 1:08cv1310 (AJT/JFA), 2009 WL 3094955, at *10 (E.D. Va. Sept. 28, 2009)).

## DISCUSSION

Plaintiffs ask the Court to approve the proposed Settlement Agreement. Defendants do not oppose the Motion. The Court finds that approval is proper, as the Settlement Agreement reflects a fair and reasonable resolution of a *bona fide* dispute between the parties.

### A. There is a *Bona Fide* Dispute Between the Parties.

To determine "whether a *bona fide* dispute exists as to a defendant's liability under the FLSA," the Court should "examine the pleadings in the case, along with the representations and recitals in the proposed settlement agreement." *Duprey v. Scotts Co.*, 30 F. Supp. 3d 404, 408 (D. Md. 2014) (citing *Lomascolo*, 2009 WL 3094955, at *16–17). "Disagreements over rates of pay and hours worked can constitute *bona fide* disputes over a defendant's liability." *Fernandez v. Washington Hosp. Servs., LLC*, No. 8:23-cv-839-AAQ, 2023 WL 4627422, at *2 (D. Md. July 19, 2023); *see Duprey*, 30 F. Supp. 3d at 408 (finding a *bona fide* dispute where the "parties disagree[d] about Duprey's rate of pay and hours worked").

In the Motion, Plaintiffs state that the proposed settlement resolves a *bona fide* dispute because Defendants and Plaintiffs disagree as to whether Defendants properly paid Plaintiffs a minimum wage. ECF No. 101, at 3. Moreover, Defendants contest whether liquidated damages

3

are appropriate. *Id.* at 2. Accordingly, a *bona fide* dispute exists between the parties under the FLSA.

**B. The Settlement Agreement is Fair and Reasonable.**

In assessing whether a settlement is fair and reasonable, the Court should evaluate the following six factors:

> (1) [T]he extent of discovery that has taken place; (2) the stage of the proceedings, including the complexity, expense and likely duration of the litigation; (3) the absence of fraud or collusion in the settlement; (4) the experience of counsel who have represented the plaintiffs; (5) the opinions of . . . counsel . . . ; and (6) the probability of plaintiffs' success on the merits and the amount of the settlement in relation to the potential recovery.

*Saman*, 2013 WL 2949047, at *3 (second omission in original) (quoting *Lomascolo*, 2009 WL 3094955, at *10).

The first factor asks courts to consider the extent to which discovery has taken place. When looking at this factor, courts assess whether the parties have "had adequate time to conduct sufficient discovery to 'fairly evaluate the liability and financial aspects of [the] case.'" *Lomascolo*, 2009 WL 3094955, at *11 (alteration in original) (quoting *In re A.H. Robins Co. v. Aetna Cas. & Sur. Co. (In re A.H. Robins Co.)*, 88 B.R. 755, 760 (E.D. Va. 1988)).

The parties represent that they spent several months negotiating and providing and reviewing information prior to mediation. ECF No. 101, at 3-4. This process is documented in the parties' multiple status reports to the Court which discuss the parties' efforts to define the scope of discovery, exchange information, and then shape their settlement demands and responses based on the discovery. ECF Nos. 89, 91, and 93. As such, the first factor weighs in favor of approving the Settlement Agreement.

The second factor looks to the current stage of the proceedings. Settlements can be fair where proceeding further would be difficult and costly, and the parties prefer to end proceedings before significant investment in litigation. *See, e.g.*, *Black v. Reviera Enters., Inc.*, No. DLB-19-201, 2020 WL 6544820, at *2 (D. Md. Nov. 6, 2020) (holding that a settlement agreement was fair and reasonable where parties recognized remaining discovery would require significant investment of time, effort, and financial resources); *Saman*, 2013 WL 2949047, at *4 (finding that the parties' representation that they chose to settle "to avoid the costs of formal discovery, dispositive motions, and a possible trial" supported a finding that the settlement agreement was fair and reasonable). As Plaintiffs note, the next step in the case would likely involve litigation over whether the case could proceed as a class action and/or filing a dispositive motion. ECF No. 101, at 4. As a result of the case's size, the litigation could prove costly and time consuming. *Id.* Given the parties' joint preference to terminate proceedings early rather than bear the risks and costs of further litigation, this factor weighs in favor of approving the Settlement Agreement.

The third factor assesses whether there has been fraud or collusion in the formation of the settlement. There are no facts before the Court that suggest either, allowing the "presumption that no fraud or collusion occurred between counsel[.]" *Lomascolo*, 2009 WL 3094955, at *12. Rather, the settlement was reached as the result of arms-length negotiation involving an experienced mediator. ECF No. 101, at 5. Accordingly, this factor weighs in favor of approving the Settlement Agreement.

Under the fourth factor, courts look to the experience of counsel. Generally, where counsel is well-versed in the underlying law, courts presume that clients have been appropriately advised on the merits and challenges associated with settlement. *See Hackett v. ADF Rest. Invs.*, 259 F. Supp. 3d 360, 366 (D. Md. 2016) (finding a fair and reasonable settlement where counsel had

5

litigated numerous lawsuits involving wage and hour violations). Here, Plaintiffs' counsel "ha[s] served as counsel and class counsel for plaintiffs in dozens of wage-and-hour matters of this very kind brought on behalf of classes of pizza delivery drivers including in federal courts throughout the Fourth Circuit." ECF No. 101, at 6. Accordingly, because Plaintiffs' counsel is sufficiently experienced in litigating similar matters, this factor weighs in favor of approving the Settlement Agreement.

The fifth factor incorporates the opinions of counsel. Counsel's opinion that the expense and potential duration of litigation weighs in favor of early settlement lends credence to a proposed settlement agreement. *See Castro v. Early Learning Language Acads., LLC*, No. CBD-18-2421, 2021 WL 915106, at *4 (D. Md. Mar. 9, 2021). According to the Motion, both counsel aver that the settlement is fair and reasonable, given "that a jury would have to decide multiple factual issues that would bear on Plaintiffs' ultimate recovery—or lack thereof." ECF No. 101, at 6-7. While "counsel's opinion and recommendation as to the fairness and reasonableness of a settlement is not to be blindly followed," *Saman*, 2013 WL 2949047, at *5 (quoting *Lomascolo*, 2009 WL 3094955, at *12), their representations in this case weigh in favor of approving the Settlement Agreement.

For the same reason, the sixth factor—the probability of Plaintiff's success and the relationship between the amount of the settlement and the potential recovery—weighs in favor of approving the Settlement Agreement. Plaintiffs will recover 40% of their maximum recovery under the settlement. ECF No. 101, at 8. While less than some settlements, as the parties note, were the case to proceed to trial, Plaintiffs may have to rely on their own estimates of how much they drove to justify their damages calculations. ECF No. 101, at 7. Where plaintiffs have faced similar risks, this Court has found similar settlements to be fair and reasonable. *See Strother v. OS*

*Restaurant Servs., LLC,* No. 8:22-cv-0845-AAQ, 2023 WL 1769733, at *4 (D. Md. Feb. 3, 2023) (approving settlement where plaintiff received 30% of claimed damages).

Upon consideration of the relevant factors, the Court finds the Settlement Agreement to be fair and reasonable.

### C. The Settlement Agreement Awards Reasonable Attorneys' Fees.

The Settlement Agreement must also contain reasonable provisions for allocating attorneys' fees and costs. *Duprey*, 30 F. Supp. 3d at 411. Here, the parties have decided upon an award of $64,287.29 in attorneys' fees and costs. ECF No. 101, at 8.

"In assessing the reasonableness of the fee, courts typically refer to the principles of the traditional lodestar method as a guide[.]" *Hackett*, 259 F. Supp. 3d at 367. The lodestar approach multiplies "the number of hours reasonably expended . . . by a reasonable hourly rate" to achieve "an objective basis on which to make an initial estimate of the value of a lawyer's services." *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). Under the lodestar approach, an hourly rate "is reasonable if it is 'in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation.'" *Duprey*, 30 F. Supp. 3d at 412 (quoting *Blum v. Stenson*, 465 U.S. 886, 890 n.11 (1984)). This Court maintains guidelines regarding appropriate hourly rates in Appendix B to its Local Rules. D. Md. Local R. App. B(3).

Of the total settlement amount for attorneys' fees and costs, $50,000 is allocated to fees, with the remaining portion devoted to costs. ECF No. 101, at 8. Plaintiffs' counsel calculated their fee request by first determining their lodestar amount of $68,175.00 and then, as part of the settlement compromise, reducing that figure by $18,175.00. ECF No. 100-2, at 5. Additionally, Plaintiffs' counsel have not billed for any time staff or associates devoted to the case. *Id.* at 4.

7

According to their declaration, Plaintiffs' counsel have spent more than ninety hours working on this case. *Id.* Further, this does not account for at least thirty additional hours that they will likely devote to distribution of the settlement to the class. In the Motion, Plaintiffs assert, and the Court agrees, this total number of hours is reasonable given Plaintiffs' counsel's work "investigating the facts, reviewing documents and data, analyzing Defendants' data disclosures, conferring with Defendants' various counsel, reviewing and revising a computerized damages model, drafting a mediation statement, reviewing approval papers, researching and drafting a motion for settlement approval, seeking Court approval of the settlement, fees and costs." ECF No. 100-2, at 4.

Regarding hourly rates, Plaintiffs' counsel base their lodestar on an hourly rate of $750 per hour. *Id.* at 4. This Court has found similar rates to be reasonable in FLSA settlements when all parties have agreed to them. *See, e.g.*, *Jose Ramos v. Digit. Prosthodontics, LLC, et al.*, No. 8:25-2052-CDA, 2025 WL 3523116, at *5 (D. Md. Dec. 8, 2025) (approving a billing rate of $695 per hour). Accordingly, the Settlement Agreement awards reasonable attorneys' fees and costs.

## CONCLUSION

For the reasons stated above, Plaintiffs' Motion for Approval of Settlement, ECF No. 100, shall be granted. The Court shall close the case.

So ordered.

Date:   February 19, 2026                                    /s/
                                                    Ajmel A. Quereshi
                                                    United States Magistrate Judge